NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JULY 1 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KONSTANTIN GEORGIYEVICH
BULDAKOV,

No. 10-72921

Petitioner,

Agency No. A098-762-951

v.

MEMORANDUM[*]

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2014
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[**]

_____

[*] This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

[**] The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S.
District Court for the Western District of Washington, sitting by designation.

Konstantin Buldakov, a native and citizen of Russia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Bhasin v. Gonzales,* 423 F.3d 977, 983 (9th Cir. 2005). Buldakov's petition is denied on the ground that Buldakov has failed to establish changed circumstances that would exempt his motion from the applicable time limitation.

The parties are familiar with the facts, as set forth in the BIA's decision, so we need not review them here. Section 240(c)(7)(C)(i) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1229a(c)(7)(C)(i), requires that motions to reopen be filed within 90 days of the final administrative order of removal. Buldakov filed his motion to reopen outside the 90-day window.

Along with his motion to reopen, Buldakov filed an asylum application seeking an exemption from the 90-day limitation. 8 U.S.C. § 1229a(c)(7)(C)(ii) specifies that there is no time limit for asylum-seekers moving to reopen if the asylum-seeker can show "changed country conditions" through material evidence that was unavailable at the previous proceeding.

We conclude that based on the evidence before it the BIA did not abuse its discretion when it concluded that Buldakov failed to establish changed conditions in

Russia. Because Buldakov could not take advantage of the exemption to the 90-day

limit, the BIA denied his motion to reopen as untimely. We agree and affirm.

**PETITION DENIED.**